Case number 22-1738, Citizens for Responsibility and Ethics in Washington, the Balance v. American Action Network. Mr. McPhail for the balance, Ms. Murphy for the appellate. So it's still morning. Good morning. This is an appeal, dismissal of a suit that CREW fought against AIS, a private suit, in which CREW seeks information which is entitled, which it plans to use. AAN is one of the largest dark money groups in the nation, spent over $150 million, $50 million in the last election cycle alone, to influence elections, buy favors, without disclosure of the sources of those funds, in violation of law. We know those numbers are understatements. CREW's suit was not dismissed because of any legal infirmity in its theory or lack of evidence supporting its claims. Rather, it was dismissed because a minority of There's no logical connection, of course, between that statement and the propriety of CREW's suit. Nonetheless, the court below found it has to dismiss this case following the decision of New Models. Now, the problems with New Models and its predecessor, CHGO or Legion, is recognized by your colleagues in this court, and we set out on a brief, but they also don't apply here for two reasons I want to focus on today. First, there is no contemporary statement of decision makers that has a touchstone for judicial review of an agency action. Can you address Judge Millett's statement, joined by Judge Pillard in New Models 2, that the exercise of prosecutorial discretion here and the exercise of it in New Models were, quote, almost identical? Yes. So, that goes to the second point here, which is the invocation of prosecutorial discretion here is not the type that would preclude review under New Models. New Models is clear on that. Maybe start with this question. Do you think Judge Millett was wrong? I think she was wrong in focusing on the particular language that caused prosecutorial discretion to preclude review in New Models. Likewise, I guess you would have to say you think she was wrong when she said that the decision by the district court in this case highlights the consequences of the court's decision in New Models. It actually highlights the consequences. New Models has been devastating in precluding any judicial review of any complaint brought to dismissal after that case, because it has empowered minority commissioners to block review using, you know, invoking factors that are true in every, could be true in every case. But nonetheless, in the concurring opinion in New Models, the court said, make sure that's right, that if the commissioners referenced their merits analysis as the grounds for exercising prosecutorial discretion, then that remains reviewable. So, if the commissioners referenced their merits analysis as the ground for exercising prosecutorial discretion. So, New Models 1 said, that's binding on us, on the concurrence in New Models 2. New Models 1 says it matters not whether legal interpretation underlay a decision. And that's because a commission decision that rests even in part on prosecutorial discretion cannot be subject to judicial review. And it adds that a common reason for failure to prosecute is the belief that the law will not sustain a conviction, and that type of decision in the typical prosecution context cannot be subject to judicial review. And there, what we're speaking about is both the case, CHGO, where in those cases, it's where a prudential decision is made that, for example, it's not worth the agency resources. And what is feeding that decision is a belief that, say, the case is particularly complex, or that there are statute of limitations problems that would limit the review. And those, the legal analysis merits are feeding into what is essentially an unreviewable decision about agency resources. And there, you can't pull out from that prudential decision, the legal merits analysis. But where all it is, is legal merits analysis, which is all we have in one of the 2014 statements. The 2016 statement nowhere mentions discretion at all. The 2014 statement defers to prosecutorial discretion. It says, quote there, the moreover, the constitutional doubts raised here militate in favor of a cautious exercise of our prosecutorial discretion. Cite Teckler. So again, you're saying Judge Millett was just wrong when she said that the two cases were almost identical. I think there was a distinction that the majority in new models of concurrence draws out between the applications of those cases. And that says you cannot expand new models for a case to apply where just these two words apply. So you think she was wrong? I think she was wrong because the new models necessarily controls the application of this case. Okay. And I'm going to give you a hypothetical. Imagine that a prosecutor, regular criminal prosecutor, indicts a defendant and then files a document withdrawing the indictment. And in the document, the prosecutor says, we invoke prosecutorial discretion because we think this is a weak case. And then it goes on for 20 pages about why we are invoking prosecutorial discretion, 20 pages about why it's a weak case. That would be not review. That is not review because the action is not review. A prosecutor decision to prosecute or not prosecute is absolutely So what if the FEC did the same thing? They started the order. I recognize it's a hypothetical. This is not this case. But they start the order with, we invoke prosecutorial discretion because we think this is a weak case. And then it spends 20 pages describing why it's a weak case. At least under new models, do you think that's reviewable by this court? That would be reviewable because the action review is a vote to close the case. And under Aikens, we know that is absolutely reviewable. The action is reviewable. The sole question new models introduces, but we argue and I think other parties recognize in contravention of standard law, is that you can make an action unreviewable by discussing, just talking about why you didn't, which is what the statement here. It's explanation of why they particularly here, they've deadlocked the reason to believe vote. I'm confused. Are you giving an answer that takes new models as a given? Or are you giving an answer that says new models was wrong and therefore the answer to Judge Walker's hypo is that should be reviewable? I'm taking new models as a given. New models rule, which we believe is in conflict, but this is the rule of the decision. That the action of closing the file is a reviewable action. But what is a reviewable action becomes unreviewable by the mere discussion of a minority of commissioners. Now, even that rule says the discussion has to be the discussion of prudential factors beyond the court's ability to review, resources, priorities, those sorts of things that Hancock talks about. But if the discussion is in law and merits, that stays reviewable, which new models said to try to reconcile. Even if it's a discussion of law that then is tethered to a prosecutorial discretionary judgment that we're not going to go forward because we don't think the legal case is strong enough. I think they're the, yes, they're process Christians merely standing in for the terms of the merit legal analysis. You don't, you don't make what is reviewable legal merit analysis by calling process discretion. What do we need to do is sort of step further, which I understand is sort of an arbitrary step, but it's the rule new model set out. You have to set out and say, well, there's legal problems here, legal analysis that implies that impacts our resources. And we don't think it's worth our resources, give them time hours or whatever they have. And therefore making a judgment about the resources of the agency that courts don't have ability to review. And under new model, that's the rule because you can't review the resources judgment. That's why the court talked about the mean advisory opinion, that there'd be this ulterior motive out there that would not be reversed by judgment of this court. Well, there's still another category, which would be what you just laid out was resources that are also tethered to legal determination. There's another category, which would be resources that don't have anything to do with the legal merits and demerits. It would be that my office just doesn't prosecute cases that involve category X types of claims. Cause I don't think those are important. I don't care if it's a meritorious claim. Is that correct? So the second option there is essentially new analysis saying, you know, this was a political committee and we shouldn't enforce the law. It's no violation here. Also, by the way, a second reason, we don't think it's worth our time. This is a defunct group. Other issues mentioned there. And it goes through a number of different reasons why this is prudential. And it says, therefore that's why process was fresh. It's two reasons. CHGO, the earlier case were there, it was actually sort of shoved together. And they said, well, sexual limitations probably run out here. This is an old case. So in our, we are exercising our prudence about resources and agency priorities, not the force that's being informed by our sort of understanding of statute of limitations, which has now since been reversed. So it's wrong on the law there, but that still informed that judgment. So yet she has said, because it's informing what can't be reviewed, you can't prevent. But new model says, and it emphasizes in responding to the dissent there. It says the reason block review here is because possible discretion isn't merely the description, the legal analysis process question. Is it additional grounds that emphasize that it actually highlights that language and politicize the image of her opinion. It's additional ground there because there's additional ground based in things where it's can't review. That's why review terminates with new models. You don't prevent view just by calling your merits analysis. Can I ask you a question about why we're doing all this in this proceeding? So there's something a little bit odd about a world in which all this stuff about whether it was reviewable happened in a contrary to law proceeding that's now over. And then there's a civil action that's filed. And then we're re-reviewing the contrary law determination that's already done. So it's seen, but you bought into this because you're not contesting that that's what we're supposed to be doing here. But so if it went before, let's say this, in this case, it happened to go before the same district judge. But if the civil action, and I'm not aware, I could be wrong about this. I'm not aware of a reason why it has to go before the same district judge. So if the subsequent citizen action goes before a different district judge, then is the way we expect the system to work, is that the second district judge double checks the work of the first district judge on the contrary law determination? No, Your Honor, there's no authority to say that's what actually happened here. Now, I think under the rules, if the first decision had a jurisdiction, for example, so there actually was no valid order issued, then you wouldn't have the requirements of the FECA to exhaust, right? You need to have an order finding contrary law federal reform from third days to show exhaustion. That is the requirement to bring the citizens in. So you have to have that. But as long as the jurisdictional decision, which I think there's no real dispute that these are within the jurisdiction of the court to offer, that there is no reason that the fact has happened. We've received a judgment that's contrary to law. There's been a failure to conform. That exhausted our claim. We can bring the claim here, regardless of a legal error in the prior claim. But you haven't made that argument? We've made the argument that the first, the very first claim is a dead ladder because they went back on remand and reconsidered it. Oh, but that's 2016. You haven't made the argument that I think, I wasn't completely following what you said, but you haven't made the argument that the contrary to law determination with respect to the 2016 statement is done and over. And so in this proceeding, all you have to do is look at the fact that that was a contrary to law determination. We don't second guess the merits of that contrary to law determination and whether the district judge got it right to say that it was reviewable. That's done. All we look at is the fact that it happened. And now the fact has happened. Therefore, there's jurisdiction. Therefore, there's nothing to be done here other than address the merits of the claim. So you're right. We don't read that in the brief here. We obviously don't present it here for reasons that following other decisions and other other arguments in this court, receiving the inclination to review the propriety of the underwriting. Why? When were you getting them? That is in one of the CLC arguments. I don't remember which exactly one it was recently, but there was one about six months ago. There's a question of whether they can pursue their private right of action against antiquitous heritage in that case, perhaps. I mean, I will say that if you're actually, you haven't made that argument here, you said you made a district court. I'll take your word on that. It would be, I don't want to be too pejorative, but it'd be a little bit rich for you to make that argument here, even if it's meritorious, having argued in the contrary to law stage that AAN couldn't take an appeal. So AAN can't take an appeal because the case essentially is continuing. But if you buy that, then what you'd be saying is they can't get an appellate forum on contrary to law determination the first time around because it's non-final. And then when it comes back this time, you'd say, oh, but they can't get an appellate forum now either, because that's done and over. The fact that there was a contrary to law determination is on the books, that's all you look at. You don't look again at the merits of the reviewability determination. Well, on that particular issue, which again, we don't put in this brief, so we're not spending here, but the fact that what gives rise to this suit is not that there was a legally correct decision offered in district court that has no appellate issues around it. It's the fact that there was a judgment and the FC failed to conform. FC could have appealed. It chose not to. So it started at 3 o'clock to conform. That fact is what we need to exhaust to bring our claim. That allows our case to go forward. Okay. You haven't made that argument in the briefing. You're making it now. And I understand why you're making it because I can understand why there's some merit to it. But you still argued, it seems to me to make that theory holistic so that the system makes sense, you would have to allow that AAN in the contrary to law determination could have taken an appeal of that. Because it's a lot to say the first time around when the contrary law, when the correctness of the contrary law determination is squarely an issue, under the argument you're now spinning out, didn't spin it out of your briefs, but you're now spinning it out. And I appreciate that you're doing it because I asked you about it. But it's one thing to say that determination about the correctness of the contrary law assessment by the district judge is now over. If there in fact was an opportunity to take an appeal and then ultimately file a petition if necessary, because every possible legal avenue is then exhausted. And then you can say, yeah, that's done and over. We're not going to second guess that. We're not going to ask a second district judge to look back at that. After all, the circuit affirmed it and cert was denied by hypothesis. So what's the second district judge going to do? Of course, you have to take that as a given. You only look at the fact of whether there was a contrary to logic permission there was, ergo the jurisdiction, ergo we go forward. That seems holistically coherent. It seems tough to say we went in and said to everybody, you can't take an appeal that first time. And now we're going to come in and say, that's done and over. The contrary to law determination is on the books. That's all we look at. So AAN never gets a chance to get a legal review of the correctness of the district court's contrary law determination. One, I think that's not quite correct. They would under a legal challenge to the actual minute fit proceeding, which is currently district court. A legal challenge to what? The minute fit proceeding. So the contractual adjustments come out of the minute fit proceeding. We filed a complaint against AAN. It was dismissed. We sued. It was written back down. We sued again. It went back down. It was then this is the third time now in 2022. That's a district court currently now. That case is a sort of continual line of cases where there's decisions are interlocutory. If that proceeding goes up on appeal, that would be an opportunity for AAN then to challenge all those legal proceedings in that interlocutory proceeding you think that can go up? You think that's why wouldn't you make the same non-finality argument that you made to deny an appeal now? Deny an appeal from the 2016 one. Well, one, because those interlocutory decisions understand case law that the decision is leading to a reversal remand become interlocutory essentially in this proceedings. And so when a court remands a proceeding to an agency, if the agency is preserved, they then can then do a legal challenge and then challenge any interlocutory order in that proceedings. That's something that we're involved in here. So I apologize for maybe mingling the laws. I've seen that law lately. But this, and again, there's not an argument here, but the argument, as I understand it, you're asking about is... In which you're agreeing with, I think. Well, I think it's correct is the view that... In which you're agreeing with it. Yeah, that the exhaustion requirement here is solely a order to fail to perform. So you can an EEOC case, right? The exhaustion here is to go get a letter from the EEOC with a right to sue. There's a right to appeal that letter. There's a right to challenge a letter, but the exhaustion has happened. You got what you needed to bring a lawsuit. And so someone can't go to court and say, you're not allowed to sue me because I couldn't take your right to sue letter to court and challenge EEOC and do that stuff. It's just the statute says there's a thing that has to happen. A real fact in the world has to happen before you bring a lawsuit. That thing has happened here. There's no dispute about that. Therefore, we've exhausted our claims. We can go forward. So I think if we're inclined, that's a way for us to go through this issue and say whether or not they should have reviewed them under discretion. So that doesn't go to the jurisdiction of the district court, which is CLT cases confirm. These are perfectly valid judicial decisions. If they are wrong, you have to keep their appeals. If they chose not to, essentially waiving this right to appeal. So it's the EEOC's job with them to conform. And by choosing not to conform, that satisfies all the factual predicates for us to bring a lawsuit. Do you think it's appropriate for the district court in this case, and now us, to look at the merits of the contrary to law determination? Is it appropriate for the merits of the contrary to law determination? I would... I think the answer probably is no. Your whole brief is about us doing that, right? If the court does look at the actual statement, then we're running... Actually, you've briefed the case on an urging of us to undertake an inquiry that you think it's inappropriate for us to do in the first place. Well, I think it does not require for us to establish exhaustion or fegancy. But even if the court does look at it, there's a number of reasons that the court shouldn't think... Yeah, you think we still win. I get that. You think we still win even if we look at it, but you don't think we ought to be doing this. No, I think the exhaustion has been proven. We brought a claim to the FEC. If you fail to enforce, we should see the contrary to law judgments. The third day's conformed didn't happen. You've exhausted any ability we have to seek administrative review, administrative remedy. So we should be allowed to bring our own lawsuit here. And again, the... Do you think we have to address that question because it goes to jurisdiction? Or do we have discretion to say, because no party has argued to us until our argument that we ought not look at this at all, we're going to assume that we should. And then I know you have the argument that we should still rule in your favor. Do you think that we have that route available to us? Or do you think that because the threshold question of whether we ought to be doing this at all goes to our jurisdiction, that we have to address that? And based on what you're saying now, we should conclude that we actually, we shouldn't be. Do you understand the question I'm asking? Yes, I understand the question. I'm trying to think through all the levels there. I don't think it goes through the court of appeals jurisdiction. So that'd be often district court and the court of appeals, or at any level dealing with the citizen suit. We'd be looking at whether the district court had... Yeah. We always have to assure ourselves of jurisdiction along the entire... I think I apologize. I don't think I'm able to answer the question. I'm not quite sure how to figure out is whether a exhaustion requirement is a jurisdictional bar that essentially by... Whether they consider this an exhaustion denies jurisdiction for considering anything else beyond it goes into the exhaustion, if I understand that. And let me ask one last question along these lines that circles back to something I mentioned. Does it seem fair to say AAN shouldn't have gotten an appeal from the contrary to law determination the first time, and they also shouldn't get a chance now to argue that the contrary to law determination was wrong? Absolutely. One, there's a chance to appeal at the end of the administrative proceeding if that's where it goes, if that case continues. But two, it'd be like saying that a person... It's unfair to face discrimination law. No, I think I'm missing something very basic. Can you speak a little slower? Oh, I apologize. That would be great. I apologize. Thanks. I don't think I understand the route to an appeal that you see of some proceeding that's ostensibly still ongoing. What is that? If, for example, the one in crew one had been remanded back to the FEC, and the FEC had gone against AAN, and so brought a legal challenge to AAN, AAN could challenge the legal priority of that action by challenging the prior to lockup decisions in that order. And I think in this case, one of the individual cases, I think, or maybe the NRC- Why would they be able to see that? Because even in that... First of all, that's one possibility, but there's no reason that that possibility would necessarily come about. Because what could have happened is exactly what happened here, which is that the commission didn't do anything, and then so a citizenship was brought. And then another commission could still decide to do something now, but they don't. Let's just say they sit out. So AAN then is stuck in a situation in which they would have never gotten an appellate form. I mean, even if you're right that that could have happened, and that it could get an appellate form, they're not guaranteed one because it requires the NRC to have come in to do something, right? Well, you're never guaranteed an appellate form, right? I mean, if you win, you don't get an appellate form. Right. No, but it only arises when you lose. And so the question is, are you guaranteed a chance to have an appellate, a chance to have an appellate form look at it after you lose? Typically, the answer is yes, but it seems to me that you're saying that here the answer is no, and that's still okay. Well, I think the answer would be, the availability of the appellate review of that action in the agency's view would stem from a review of that legal proceeding, a separate citizenship being brought because an exhausting fact has happened. I don't think I follow that, and I may be missing something, but even in the circumstance in which the commission decides to take up the invitation of the district court and the contrary law determination, and then bring an action, which I think is what you're saying, that the end of that could be reviewed? I believe they underwrite our FEC precedent, yes. So even in that situation, it's not the same proceeding because they're bringing an action against, that's a separate, it's just like the citizens, it's a separate action. It would seem a little bit odd in that separate action than to say that what we review is whether the contrary to law determination that gave rise to the possibility of that new action by FEC was right. It seems like it's the same problem that we have here, which is that that contrary to law decision happened. It created the possibility of this action. Now we have this new action. Should we be revisiting the contrary to law determination that gave rise to it and that's now done? And it still seems, to me at least, it seems a little bit odd to say in this second proceeding, we ought to be taking a second look at something that's now done for the same reasons that I think you now are saying it's a little bit odd to do that in this context. So then there's no way, if that's true and the new FEC action is the same as the new citizen action, then we are in this land, I think, in which AAN and parties like it would be in a situation in which they can't get direct review on appeal, they can't get review of it in a new action, so they never get a review of it. Now the answer to all this may be actually they should get an appeal. That I think is possible. I know- I have an alternative. I think that's what I'd leave to you. And I mean, you're obviously welcome to get assistance wherever you want, but from your perspective, at least, I take it the answer is that there's no appellate form then. And maybe there is one, but just from your perspective until you hear more. There is, again, the appellate form we appropriate in, I think, in the FEC enforcement action case under the NRC precedent, where they did go back and look at the- I'm sorry. I apologize. I may be wrong. I'll follow the- But there, there was a deadlock. A court judgment reversed it. It went down. The FEC decided to enforce. In the enforcement action, it was on appeal, so I don't have the district court there. But on appeal, the appellate court said, we're going to go back and look at the actual original decision, think it was wrong to find contrary law. Because of that, we're not going to allow this enforcement action. And you at least agree that even that is contingent because it depends on the FEC coming in and doing something, even if that's true and that's- Well, true, because of course, you need to be injured, right? So if the FTC, if here, the FTC remanded to dismiss, which again, is here, and we had not legally challenged, AAN would have no appellate. What do you mean you still need to be injured? Because you're injured by a citizen. Well, my hypothetical is, let's say we had lost Crew 2, for example. There was not a contrary law judgment. There would be no appellate right for AAN there as a prevailing party, essentially. Right. You would have to- We would have a right to appeal, exactly. So there's a requirement for it that you'd be continuing to be injured. It's not about bringing your appellate right. So there's not an automatic right to appellate right no matter what. You don't get to bring a challenge or prior decision. You have to still have standing to do that. Okay. Thank you. So the way I understand the way this statutory scheme works is, the question is whether AAN needs to register as a political committee, and that's AAN's interest in this case. The FEC has the ability to decide whether they want to bring an enforcement action to make that determination. And the way this statutory scheme works is there's this procedure, which has happened here, where they can, whatever they decided to be challenged as contrary to law, it can come back to the FEC. But ultimately, if the FEC doesn't proceed, as in this case it did, we have a citizen action. And in the citizen action, AAN is a party. AAN is being sued by CRU. And AAN can litigate whether it has to prove that it is a political committee or not. So it's recourse, because it's interest, is whether it needs to register as a political committee. And that gets litigated in a court of law before the district court in the citizen suit and can come up on appeal. The exercise of FEC's prosecutorial discretion is not something that AAN should be able to invoke. That's not AAN's business. The FEC is not a party to this proceeding. The case in which it was litigated, whether FEC properly exercised its enforcement function or not, has been litigated. It's done. It's a separate case number. This is a new case. It's got a new complaint. FEC is not a part of it. So FEC's enforcement decision and its prosecutorial discretion should not be a part of our analysis here. And in this statutory scheme, the statute says if there's a declaration, the court may declare that the dismissal of the complaint or the failure to act is contrary to law and may direct the commission to perform each declaration within 30 days. That suggests to me the textual reading of this is that you don't look behind the contrary to law determination. As long as it was declared, whether it was right or not, you've exhausted and you're properly in the district court. And AAN gets to litigate whether it's a political committee or not here before the district court and then appeal that up to us. All right. I think that's absolutely correct, Your Honor. I don't understand. I don't want to have the back and forth between judges. I'll just put the question to you. Yes, that is an argument that you haven't made, but you now think it's correct. It still doesn't address, as far as I can tell, AAN's position because, of course, yes, AAN can litigate the legal merits of whether the legal theory that you've propounded is right or wrong in this way. Of course, they do. What they have lost is the ability to stop this from happening in the first place. And yes, that was an exercise of prosecutorial discretion in the first time around, but it's also true that suppose you had a case in which, for example, the first time around, the contrary to law determination, a district court, and no district court would do this, but I'll just throw it out as a hypothetical. A district court just says, I know that exercises of prosecutorial discretion are supposed to be non-reviewable, and I think that this is an exercise of prosecutorial discretion, but I'm going to go ahead and review it. I'm going to say it's contrary to law. And then I think where you would be is you would say, no appeal of that. No appeal of that. First off, the FEC, of course, has a right to appeal. And so, if the FEC's interest in protecting its right to prosecutorial discretion- Right, but did you oppose AAN's intervention motion in the- Because their interests were at stake. On the crossroads precedent, yes. So their interests were at stake. They weren't a total disinterested bystander in the initial proceeding. They clearly had a concrete interest at stake, even though what was going on there was an assessment of whether it was an exercise of prosecutorial discretion. Well, I mean, their interest, of course, is that they don't want to be found a political candidate, right? That's what they came in to defend. If a court were to, you know, do what you did. Say, I'm ignoring all the precedent. I'm just going to find this reviewable. I don't care. Obviously, there's an appellate right for the FEC, which could take. The FEC has to condemn, remand, conform, and sort of essentially nullify, fix that problem, do it again. They could say, again, we're going to exercise discretion to dismiss it yet again. We think it's fine. Thirdly- And then you have to get a second. I think the point is very well taken that AAN has full opportunity here to argue that they're not a political candidate, which is that they obviously have a concrete stake in that issue, and they need to get the ability to argue that. What they've lost is the ability to be vindicated in their view in the first proceeding, in the contrary to law proceeding, that that was unreviewable. And so there should never have been an occasion for the citizen suit to be filed. They've lost that, right? Well, they would, in this hypothetical situation where they can't bring this lawsuit at all, then essentially they haven't lost it because they can always, again, appeal it in those proceedings. What they have- No, no. I don't even think you've come up with one hypo in which they can appeal it. Your hypo has always been that the FEC can do something and then that can be appealed. There's no- Yeah, exactly. At some point, that chain of events, those decisions, it's like interlocutory district court decisions, at some point, those all go up on appeal, right? So at some point, that chain of district court initial proceedings- No, this one didn't. No, I know this one did not, but it could if they remained in your party and they could go up. In this scenario, in exactly what happened here, there's no way to get an appellate referendum on the contrary to law determination. In this proceeding, and this is what I don't know, because this proceeding, we have met, this proceeding, the propriety of this lawsuit doesn't depend on whether there was a proper contrary to law judgment or it was reviewable or anything else. It depends on did we exhaust our claims to the FEC? We did. Therefore, the propriety of this decision, I think, is done. In this proceeding, AAN, based on the way you're now looking at it, would never get appellate review of the contrary to law determination. Not in this proceeding. Imagine if that was different. Imagine if that said, instead of a final judgment of contrary to law, it'll be handled, if an appellate goes to court and receives a motion to dismiss, something interlocutory. If that happens, then you can bring your lawsuit. As long as interlocutory order has been issued, that's it, you can bring your lawsuit. The fact that that happens means our lawsuit is now possible to bring. Right. The uppercut of that is that AAN, even if everybody agrees the contrary to law determination is grossly wrong, and there was a decision by a district judge to say something's contrary to law, even though it was sheer prosecutorial discretion, what the controlling commissioners say is, we're not looking at the legal merits at all. Actually, we don't care about the legal merits because this is a broken bucket of substantive claims. That's a bucket that I never want to look at. It has nothing to do with legal merits. The district judge says contrary to law, and then somebody files a citizen suit, you'd say too bad to the AANs of the world. They now have to deal with the legal merits of that. Well, I think in my hypothetical, the interlocutory decision defeats the motion to dismiss. We can then bring a citizen suit under my hypothetical statute. That citizen suit is now perfectly valid and can go forward. The proceedings of the district will continue. Let's say it involves a final judgment. A, it appeals that decision. Unless it turns out that as long as that decision was within jurisdiction, it existed. If that's all you need to bring the citizen suit under the statute, you got to bring it. It doesn't matter that that was legally erroneously trot. This decision issued, that is the fact that the statute conditions the citizen suit on. Right. I think I totally get that. I still am not understanding why you're fighting, but I don't think it's disputable that the way you're looking at this proceeding, the one that's actually happened under the statute that we actually have, under the way you're now positioning yourself, AAN would have no entitlement to an appellate referendum on the contrary to law determination. Not in these proceedings. Can I ask a question? I just am not that familiar with this. The first proceeding with the contrary to law determination was about FEC exercising its enforcement power and AAN was an intervener in that. Does an intervener have a right to appeal the enforcement of the FEC if they're just an intervener? Like say the FEC has no interest in appealing its own ruling and its prosecutorial discretion. Can an intervener do that on the FEC? No, Your Honor. Under various case law that, especially because the order is a remand order. Essentially it doesn't end the case. It just sends it back down to the FEC for more proceedings. Of course, it recognizes that it's a remand order. It's not final. Proceedings are continual. I understand. The FEC can appeal because the courts consider that agencies have essentially an injury that can't be remedied in related proceedings. The injury is we have to file new proceedings. We have to apply new standards. I understand. My question is that the FEC has no interest in appealing. Can an intervener appeal on their behalf? The issue is about the FEC's prosecutorial discretion. If the FEC is not interested in defending that, can an intervener do that on behalf of the FEC? No. I don't think you made that argument in the appeal of the contrary to law determination. I thought your argument was it's not final. I think as I understand it, and I want to make sure I'm- I'm answering your question. Your question that would they have standing to argue error on the appeal or the campaign appeal? Can they bring claims on behalf of the FEC? Because we're talking about prosecutorial discretion and whether the FEC should exercise its prerogative to investigate an alleged election violation or not. And so FEC is not here telling us, we exercised our prosecutorial discretion. That decision was wrong. We have an intervener here asking us to do that. And my only question is, can they do that? There is- so when there's no case on that because usually the few times that try to be appealed have been denied for not being final. So we don't have any case law on saying that. I think there'd be obviously a very strong argument that someone defending the prerogative of the FEC, not their own legal status, would be beyond understanding as an appellant to raise that kind of issue. So then the fact that AAN doesn't have a recourse to appeal that decision, that's a function of the fact that they're an intervener and it's not their right. It's not that they're being deprived of something they're entitled to. Are they? Well, I think that, again, I don't think there's any clear case law on that, but I think that would be a very sensible reading of understanding. That would be something new based on what- I totally take the point, but you didn't make the argument in the contrary to law proceeding on appeal that AAN- you opposed the appeal. You opposed AAN's appeal. You opposed- The second, not the first. The first, actually, the FEC opposed appeal in both. Got it. Got it. Well, I thought you opposed both times and the FEC only did the first one. No, we actually tried to obey the first one and we took the opposition off, which we just missed the first time. On appealability the first time you- That's right, yeah. I see. Okay, so the second time you opposed appealability, but you didn't oppose it on these grounds. You opposed it on the ground that the determination was non-final. Well, essentially there's no jurisdiction to take the appeal because there's no final judgment to even appeal over, so there was nothing to even, you know- But you didn't make the argument that even if it's final, AAN is the wrong party to bring in. Well, it would be- So you can bring in appeal. Essentially, we forgot to that point because the argument would be, of course, I'm trying to imagine AAN in the final paper. It would be the contrary to law, which is wrong, but also wrong on the merits. We're not a political committee. The tests were wrong, those kind of things, which I think does have something to bring in. So we never got to parsing what the various errors, because it just never was a final judgment to appeal. Can I see if I understand the upshot? A citizen's supervision is only triggered when the FEC acts contrary to law. Am I right so far? When there's a judgment that acts contrary to law, that's correct. Okay. So citizen's jurisdiction only triggered when there's that judgment, and by a district court, and AAN cannot challenge that judgment on appeal? Well, no. If the FEC had appealed, then on its own, no. That's the final judgment remaining. And I guess that it does seem odd that jurisdiction could be triggered by an erroneous district court judgment that was not subject to appeal. Well, I think it's jurisdiction's exhaustion requirement. It's a trigger for the lawsuit, but the way the statute is written, all that's required is the district court to issue that kind of decision. That triggers appeal. That's the statute written, that interlocutor order that had not been appealed. As long as it acts, just like here, a statement of the new model, a statement saying cross-discretion, we can't appeal that or do anything else, that sort of has its impact. So, yeah, again, under the statute that I was reading is there is a district court order, which there is. There is a failure to conform, which there is. That permits us to bring a suit. There is no requirement in the statute that that be appealed, that it be corrected under the law, that, you know, or anything else. It's just the fact that the court had issued a declaration of the fact of exhaustion. That gives rise to a lawsuit. But I know I'm well over time. Yeah. Well, yeah. Now, we've talked a lot about whether AAN has standing to take an appeal and all that. Maybe we should hear from AAN about what they think about that, unless my colleagues have further questions. Okay. We'll give you some time for rebuttal. Thank you. Snurfie? I think it's now officially good afternoon, Your Honors, and may it please the court, Erin Murphy, on behalf of AAN. You know, I was prepared to talk about the arguments that were actually raised in Cruz Brief today, so I'm happy to start there. We're happy to start with the discussion that's just been had, whatever is most helpful to the court. But we certainly do think that on the basis of the arguments that have been presented in this case, that it's quite clear that Judge Cooper was right, that this decision, that this case is controlled by new models. The exercise of discretion here falls squarely within what both new models and CHGO recognized as when you exercise prosecutorial discretion, even if that is grounded in legal reasoning, it remains unreviewable because the strength of the merits of the case is a classic factor for exercising prosecutorial discretion. So before we go down that road, and I do have some questions about that, can we just talk about whether we ought to be doing that at all? Sure. And I guess the question is this. I'll start off this way and then there's a few things I know that will be helpful to get your views on. Let's suppose that you were allowed to take an appeal. Let's suppose that the way that it happened the first time around is that the, that we, our court said, it's actually final because it's final as to the thing that's an issue, which is the contrary to law determination. That's never going to be resuscitated no matter what happens for the agency, because either you're going to have a new action from a citizen suit or you're going to have a new action from the FCC. That's a different thing. There is finality as to this, so we'll take it up. If that were true, then what's wrong with a world in which that's done and over, and this proceeding, the only question is whether there was a contrary to law determination, just whether there was a declaration, the fact that happened, how that's all done and over. This is not, you don't get collateral review of that here. You just go forward to look at the legal merits of the claim. Sure. There might not be anything wrong with that world. Our problem is that's not this world. I mean, we, it's not just that we couldn't take it and go, we took an appeal. We took an appeal twice and this court dismissed it. Then let's just bracket that for a second. So then do you think that that's a wrong view of the statute? I mean, the statute we have before us is 8A, which tells us something about this proceeding. It seems to me that that's a pretty persuasive view of the way this statute is supposed to work. If you put aside the feelability and fairness. So, I mean, I guess what I would say is I think the right way this statute has to be interpreted is that at some point the, the, you know, we're, we're essentially a citizen too. And we're, we're the, the sued party has to have a chance to resist all the way up through a final judgment, the determination, the triggering determination that allows a citizen suit to go forward. And if Congress wanted to structure a regime where that happens earlier in the process, okay. If Congress wants to structure a regime where that happens later in the process, okay. But if Congress has structured the entire regime around the ability and you, you only get to bring a suit here. It's not just kind of exhaustion in the sense of, you know, taking a few steps before the FEC. You only get to bring a suit if the FEC acted contrary to law and we should have a full and fair opportunity to litigate whether the FEC acted contrary to law. Suppose that I'm looking at the statute and I think the best reading is that in this proceeding, which is a new action, new parties, new case number, all of that, we shouldn't be taking a second look at the correctness of the contrary to law determination. And I think that I'm not sure whether an appeal should have been allowed. Maybe it should have been allowed, but that's water under the bridge at this point. What gives me the entitlement to say, although I think the proper reading of the statute is that in this proceeding, they don't take a second look at what happened already in the first proceeding because there wasn't an appeal granted. I'm going to do that anyway. Well, first and foremost, party presentation principles. There is no question that this argument has not been raised by career before this court until they, I'm not even sure it took a while to figure out if they would have been embracing it today. I take it they now have. I don't see anything about this argument that is a jurisdictional argument that is something that the court could reach out and address in fairness to us when there's been a fully briefed appeal and they never made this argument. Because I don't think it turns, nobody's disputing. We're disputing that the district court had jurisdiction to go forward. They're not disputing that the district had jurisdiction to go forward. And so I don't see how the district court's jurisdiction over this matter turns on the question of whether it was able to look behind the determination about whether the underlying action was constitutional question. Then the, and, and we think, let's just suppose we think, and just, uh, indulge we think actually the district court totally had jurisdiction to go forward because it shouldn't have been taking a second look at what the prior district court, which actually in this case has to be the same district court. Um, yeah. And so then we'd be saying actually there is jurisdiction to go forward. I don't think, I mean, I think what we would all agree is if there's something jurisdictional here, it's the question of whether there was a, a, a judgment that was contrary to law. I don't think the analysis, the arguments that are made in favor of, or against whether there was a judgment that are contrary to law, those don't strike me as jurisdictional arguments. You know, the district court could be right or wrong. And it's assessment of whether there was a previous judgment that there was something contrary to law, just as it could be right or wrong. And it's assessment of whether the FEC actually failed to act in a manner or failed to conform to it's such it's, but, but I don't see how the arguments about whether those are arguments about them. I mean, it happens all the time that parties make. Arguments about jurisdiction that are raised or not raised, and we still have to decide what's right or wrong about jurisdictions. I don't think that there's an, I don't take crew right now to be arguing that the district court lacks jurisdiction because it looked behind the determination. They're arguing it had jurisdiction because it looked and it had jurisdiction because they think the district court was wrong, but they also think even if the district court had analyzed it this way, the district court still would have had jurisdiction. So it's a bit odd to be saying, you know, that this court could kind of reach out and decide an issue that crew never pressed at all in its appeal on the theory that actually it's another basis on which the district court had jurisdiction. I mean, that just seems kind of at odds with the notion of usually you raise arguments that parties haven't raised. If you're worried that the lower didn't have jurisdiction, which is not the argument that they're trying to defend. That usually happens, but it does go to the jurisdictional question. Even the way that you frame the case, it goes to jurisdictional. It goes to what the district has jurisdiction. I mean, I think I look, frankly, you know, we haven't briefed any of this, so I cannot say I've done a lot of research on whether it's appropriate to think of this as a jurisdictional question. But certainly we think that a district court can't proceed with this kind of case unless there's been a contrary to law determination. We think that's a threshold requirement in order to have a citizen proceed in district court that you need both the contrary previous judgment of contrary to law and the failure to conform with that. Now, whether that is jurisdictional in the truly jurisdictional sense that we're talking about here that would excuse complete waiver of this argument, you know, I just, I don't want to fully take a position on that without having. Whose burden is it to show jurisdiction? I'm not actually sure. I mean, I would think it should be their burden in the first instance to show that the requirement to bring a citizen suit are met. Because to get into court, they have to show that there has been the previous judgment and the failure to act. So I would think that's their burden in the first instance to show that those two things are, since that's the prerequisite to being able to proceed with a suit, I would view that as the plaintiff's burden in proceeding. Could we write an opinion along these lines? If, if crew had made the arguments we've been discussing, they may well have demonstrated our jurisdiction, but instead they made the three arguments they make in their brief. And those arguments do not show that we have or that the district court had jurisdiction. And so since they haven't shown that the district court had jurisdiction, we affirm the district court. So here's where I'd quibble just like a little bit. I mean, I would more put it as kind of, I want to be clear that we're not agreeing with their position on this. We're certainly not, I'm not, I'm not standing here to say if they'd made this argument, we would have had no responses on the court is right. So I think if the court were to say, essentially, you know, they had the burden to establish all of this. They didn't try to establish it this way. So that's waived and that's done. Here's the way they tried to establish that the district court committed error and they're wrong about the ways that they tried to establish error, you know, great. And this court could essentially leave for another day. The question of in a case where your party wants to raise it and perhaps leave for another day, the question of whether this court was wrong to dismiss our appeals. But, you know, particularly with all of that water under the bridge and this being a case where we took appeals and the court denied our appeals to now say, well, maybe we were wrong about that. And maybe no one ever even made any comments about it. But now at the back end, we're going to kind of say too bad for you. Um, seems awfully problematic and unfair as a matter of credit party presentation, absent some truly jurisdictional requirements that the court has to look at that. And I just don't think there is. So I'm going to make sure that I'm spinning out the same. I think it's a different sequence, but it might be the same one. If, um, do you think we could do the following because of party presentation, name your set of issues. We don't get into this threshold question of whether it's even appropriate for the second round proceeding to look at the merits of the contrary to law determination. And so we go forward to engage on the terms that you all have presented the case. And on those, we actually think that the district court had authority to go forward. Um, that that's fine. I mean, you were, you didn't, as a procedural matter, if you were ultimately going to conclude one way or another, that the district court should have gone forward. I don't think it matters. Uh, if you, if you, you know, unless again, there was some kind of truly jurisdictional aspect to it, I don't think it would matter which one of those you, you proceeded on reverse. Obviously I'd love to spend a lot of time telling you why I think that would be absolutely wrong under new models and CHGO, but you know, as it's just a procedural matter, I guess it's just, I have kind of the same answer, whether you're coming at it from we win or we lose. I don't think the court has to address that argument here to the extent the court really wants to address that argument. I would strongly urge that we have an opportunity to do some supplemental briefing on it, especially because it makes no sense to be able, you know, as I take to be saying, if we could challenge it in the sec proceeding, I cannot fathom why we can challenge it there, but not here. And that all just seems a little, a little hard. We're definitely talking about stuff that wasn't brief, but because we've talked at length about it and trying to get as holistic of a picture as we can. Um, can I follow up on what judge Pam's line of questioning? So you're a, and that first contrary to law determination, you were allowed to intervene and nobody disputed your had enough of a stake in the controversy to intervene. And then the question becomes, can you take it up a heel? And let's suppose that we, just for assumption purposes, that we agree with your position back then that actually was final. So there wasn't a non-finality bar, but what about the question of whether AAN is situated in a way that should allow it to appeal when the question is whether the FEC's exercise of prosecutorial discretion should preclude, um, the reviewability determination. So here's what it's a little tough for me to answer that. I mean, my, my English is just that, yes, we should be able to appeal, but it's a little bit of a counter. It's a hypothetical that's filled in something that I think is a little problematic because to me that the part of the reason, um, it's that an intervener often can't appeal in this context is interwoven. It's, it's, it's intertwined with the finality issue because the point is, look, the intervener shouldn't be able to get ahead of the agency who gets to decide in the first, right. Whether it wants to conform, whether it wants to do the same thing again, what it wants to do. So it's a little hard to separate those things out and treat it as, well, it's a final agency, you know, it's a final determination for purposes of the private party, but not for purposes of the agency. Um, so I think there's the, the, the, the reason that led this court to say this isn't final, um, is not sort of specific to interveners, but would end up probably applying anytime you have someone other than the agency, because the reason it's not final is because it's a remand to the agency. Is it true that you just, you, um, said something as a premise that I'm not fully up to speed on. Is it true that there are cases in which an intervener has been denied the opportunity to appeal on a theory that the agency didn't appeal, therefore the intervener cannot? I mean, I, I, I'm not sure. I'm actually just not sure. I think typically they get dismissed on basically just by saying it's a non-final judgment. But when I think that would be a non-final judgment, regardless of which it's a non-final decision, it's a non-final decision either way. This court does have precedent that allows greater latitude for agencies to appeal non-final decisions in the context of a remand because of the prospect of the agency being foreclosed from subsequent review. Now you could extend the same principle to private parties and say, you know, I mean, I think that's how you'd have to get there. If you wanted to kind of redo this from the start and ensure that we had appellate rights, I think you'd take the principle and say, look, just as we would allow the agency to take an appeal because it would be foreclosed from later doing it, if it is forced to go conform and change its action, we allow the private party to take an appeal because otherwise they may be foreclosed from later doing it. But again, water under the bridge because this court denied those arguments. You know, when we made those arguments, this court dismissed our appeal. But I think that's, you wanted to take a different approach in which the appellate with the kind of appellate rights occurred earlier on rather than at the end. I think that would be the best theory under how to get there. What is the status of the prior case involving the FEC's enforcement action? I know that it got remanded. It didn't take action and now the citizen suit started. Is that other case closed? I just want to confirm that because I guess theoretically, if it weren't closed, you could file a motion to reconsider that case under a new model. So I'm sorry, I just, there's so many cases here. I want to be sure I'm responding to the one you mean. So the case in which there was a finding that it was contrary to law and it got remanded, the 2000, like the most recent one, and then no action was taken because one of the FEC commissioners chose to not let there be a quorum. Is that case closed? Is that not? We try, we took an appeal from that district court and law determination and it was dismissed. If I'm, if I'm following you, right. When the district court held an earlier point though, right. And so the district court held in, so here's kind of the sequence just to be sure we're on the same page. Okay. So we've got the 2014 statement of reason, yes. Which in 2016, the judge, judge Cooper says it's contrary to law. Yeah. We try to appeal that and our appeals dismissed. Then we have the 2016 statement of reasons. And in 2018, judge Cooper holds that that's contrary to law. We tried to appeal again and that was dismissed. And in the interim, this lawsuit was filed. No, but then there was a remand. There was a remand, but there was no agency action. And there was no agency action. So my question is, is that whole proceeding now closed? It is as of, you know, I guess it depends how we're, there's a whole separate line of appeals going on right now about what counts as kind of the closure. In 2022, the FEC closed the file. This case should be conclusively, they closed the file at that time, suit us again. So they sued us another time and another district court action that's pending based on the, based on the, the, the now belatedly revealed 2018 voting patterns in the 2022 closure, but no action, the FEC never took any action against us. So we couldn't appeal anything the FEC did, which is what I understand to be Cruz's position is the only way in which they think we could have appealed is in a context where the FEC enforced against us. And then we could defend against the enforcement action, but absent somebody, either the FEC or a private party suing us. The FEC could have appealed judge Cooper's. They arguably could have appealed, you know, this court, they didn't, they didn't appeal. So this court never confronted the question of whether it would have fallen into the doctrine. This court has that allows agencies to appeal even when, I mean, it's a non-final decision. So it's a non-final decision, just as not, it's just as non-finalist to them as to us. But there is doctrine in this court that generally gives agencies greater latitude to appeal in that context, but I don't think it wasn't appellate, right. It's just FECs and not AAN. There was, there was an ability for the FEC to try to take an appeal. They did not. But I don't think that can, I mean, to go back to having the question that you put earlier to, to Chris counsel, I don't think our only interest here is in not being determined to be a political committee. I mean, we have an interest in not being subjected to what we believe to be an unauthorized citizen. And so, you know, it's not only the FEC that has an interest here. Any precedent that supports, you know, you being able to proceed on this or, but for causation theory? Well, I mean, the statute itself doesn't allow a citizen to be brought unless the prerequisites for the statute. But for this finding, we wouldn't be here, but is there any authority that supports that that jurisdiction? This is the only one of these suits that's ever gotten passed in motion to dismiss. So there's essentially no, not a heck of a lot of authority about how does AA suits work at all. In 2014, when the first contrary to law determination is made, you took an appeal, right? And the FEC, what was the FEC's stance on that? I have to say, I did not review the papers. You didn't know this was coming. Okay. So there would be, it would be interesting to me to know whether the FEC made the argument because the FEC didn't take an appeal, right? We at least know that. They did not take an appeal. The FEC made the argument that why are we even entertaining this appeal? Because AA just doesn't have any entitlement to step into our shoes. I'd venture to guess they probably just made the argument of, we have the ability to decide what to do on remand. And as they did, they proceeded to take the same action again and incorporate all of their previous reasoning. So I think that they just viewed it through that finality lens, but I confess I did not. I did not review all of the papers of the previous appeals in this case. I have a question on the merits. So my question on the merits is this, just to start us off. So suppose you have a controlling commissioner's recitation of the reasons for not going forward that says, we just think the general counsel's legal theory is wrong. And here's 20 pages on why we think the legal theory is wrong. Everybody agrees that that's reviewable. Everybody agrees that there can be a contrary to law determination. If it's purely legal, yes. Okay. So they do that. Then let's say, in addition to the 20 pages, they add a sentence that says, therefore, in an exercise of prosecutorial discretion, we elect not to go forward. Does everything change? I think the best reading of new models is yes. Okay. So then my question about, there's different pieces of new models that point different directions. Of course, there's footnote four, which points strongly in one direction. There's other parts where they talk about it. There's something that's distinct that may be seen to point a different direction. But let's just step away from what the cases say and just think about this just conceptually. I guess what I'm not quite following is, if everything changes based on adding the sentence that says, and therefore, in an exercise of prosecutorial discretion, we decide not to go forward. Wasn't it obvious that when the legal memo was rejected, the commission decides not to go forward, that is an exercise of prosecutorial discretion. By definition, it's an exercise of prosecutorial discretion because they've decided not to go forward. By definition, it's because of the reasons they spell out. But we know that that's reviewable. Sure. In a sense, that's re-litigating some of what all the way going back to the DCCC case, where the FEC's position was, look, if we dismiss because of a deadlock, that's obviously an exercise of discretion and that's the end of it. Now, this court has said, no, we're not going to accept that. We want you to explain your reasons. But I don't think that that means that you're going to paralyze from offering reasons that are not legal. And here, if you have commissioners saying, here's why we think the case doesn't succeed, and we don't think we have authority or whatever it may be, but we also would exercise our discretion because of that. I mean, that is just a classic- That's the thing. I think I agree with you. I think that's a very strong position that considering the legal merits is a classic exercise of prosecutorial discretion. I think it's, to me, that's hard to argue with. The question to me is which direction does that point? Because if you have a memo, if you have a controlling commissioner's memo that only relies on law, we're in a world because of the statute where that's reviewable. Everybody agrees that's quintessential prosecutorial discretion for exactly the reasons you spell out. And if we know that that's reviewable, it's hard for me to see why the world changes when they just tack on a sentence that says the very obvious thing that what we're doing is engaging in a classic exercise of prosecutorial discretion and not going forward because we think this case is legally non-meritorious. I mean, I guess I'd resist a little bit the premise. I mean, the FEC itself seems to view there to be some degree of distinction because they don't invoke prosecutorial discretion in every case. And some of this is a bit artificial because of the way this court requires there to be the views of the controlling commissioners and all of that. And so sometimes when we're talking about this, we're not even necessarily talking about the actions of the commission itself, but that's all just kind of water under the bridge. Then explain to me in the real world, is this just a real world matter? What's the difference between a controlling commissioner's statement that says, we disagree with the general counsel as a matter of law, 20 pages, therefore we're not going forward. If that's all they say, everybody agrees that's reviewable. If they tack on, therefore in our exercise of prosecutorial discretion, which of course we're exercising because we're prosecutors, we elect not to go forward. I think that's non-reviewable. Look, the exercise of prosecutorial discretion necessarily takes into account factors simply beyond we think this fails. No, no, I'm assuming, I'm sorry, I didn't mean to cut you off, but I'm assuming a hypo, let's just assume a hypo in which the agency just says, we're not thinking about anything else. The only reason we're not going forward is because of what we just said, which is that legally we just think this is dubious. Now that I think I agree with you, that is classic prosecutorial discretion. And to me, I mean, if you can't see the distinction between the two, that's a reason to kind of revisit where the court started, not a reason to revisit where it ended. Sure, but you also can't revisit new models right now. And maybe all of this is a reason to think about, you know, where's the starting point and what is and isn't discretion here. But I actually really, I would say, I want to be clear and make some arguments about this case. Like I don't think that that matters that much here because I don't think that's this case. Um, because if you look at back at the 2014 statement of reasons, it's not simply a, we think this case fails and therefore we exercise prosecutorial discretion. I mean, there's the, the, the principle, we can argue, I'm just trying to understand the logical upshot of the position. And it just, it strikes me as quite something to say that what is a classic exercise of prosecutorial discretion only becomes unreviewable prosecutorial discretion. When somebody says I'm engaging in a classic exercise of prosecutorial discretion. And again, I mean, I hear you. And I suppose it's just my, my response to that is that means there's something we haven't put in the bucket that we should not, that we should take a bunch of things out of the bucket that are in there. We should put that into the bucket. It's just for us as a panel is not, it's not a question any more than it is open to this court to take things out of the bucket that are already there. Um, so, you know, I, I, I think there are very fair arguments to be made about exactly how all of this works out. And, you know, maybe some of that works a little better if you actually just, if you put that into the bucket, then what's reviewable, what's left, what's reviewable is the case where it happens. The commission doesn't invoke prosecutorial discretion. They really just say, but I think I just asked that question because aren't they? Oh, they're necessarily engaging in prosecute. So here's, if you, if you want to put into the bucket, even when they don't invoke it by its terms, if that's, if that's what you're asking me, I think the thing that's still left out is when they say, we believe we lack jurisdiction. Because if you say you don't think you have jurisdiction, you're saying I have no discretion to exercise. I've, I've included the statute that clearly provides for you the only place in which that would apply is where they say they don't have No, because I'm assuming your hypothetical of putting something into the bucket that this court hasn't put in the bucket. Because I'm assuming that it sounds like it's hard to draw a distinction between that. I actually think that there's really, there's a difference in my mind between kind of a, a case in which the commission actually has say like a majority who dismisses, you know, it's, it's not, I mean, all of this is a little bit, a little bit artificial because you're reviewing the vote and then you're reviewing the dissenting commissioners. And then you've got the later vote on closing about, but like, let's just make it a little more simplified. And there's just one thing that we all agree is the motion to dismiss and say for commissioners vote to dismiss just to make it easy, leave aside the debate about whether three is enough or vote to dismiss and they vote to dismiss and they offer a statement and they say, you know, we're, we're dismissing because we have found that there is no violation here. We, um, I think that would be reviewable and that's not the commission thing. We've exercised our discretion to not go forward. It's saying, you know, we, we got together, we looked at this, we made a determination and our determination is there's no violation. Um, you know, some of that is some of what makes this case feel different. I get it. It feels weird when it's a minority and all that, but again, that's just a product of this court's cases. Um, but also, you know, I think that's different from saying we're not going to proceed because we don't think that we're likely to prevail or hear what the commissioners really said. I mean, they, they said, we don't think that this is a violation, but in their footnote about a prosecutorial discretion, what they said is at a minimum, the fact that the seventh circuit has already rejected our views is a reason not to go forward. But even in your hypothetical, and I'm, um, I'm, I don't want to cut off anybody else. I'm sorry. Be careful with me. Even in your hypothetical, where you say would be reviewable, which is where they say, I find we four commissioners, we four commissioners find that there's no violation here. You, um, you think that's reviewable? I think that seems to be reviewable to me. I mean, you've got that one. It doesn't seem to me to be crazy for them to tack on a sentence. At least it doesn't seem to me to be a disconnect to tack on a sentence that says, and therefore in our classic exercise of discretion, we don't go forward. And then that would be non. That's that's, that's, I think that's the best reading of new models that they do that at a minimum. If they say, you know, if you wanted to draw a distinction between the therefore, because the therefore, I think you're building in the therefore, because the therefore builds in. We've exercised your discretion because we think there's no violation, which to me, you could, if you wanted to parse things out, draw a distinction between a therefore and a, but even if where they're saying, you know, we don't, we, we think there's no violation here, but at a minimum, we think the fact that this is a close call is a reason to exercise our discretion. Um, you, you know, that's, it's a fine line, but it's a line. Um, I mean, there's a reason that we put strength of the case into the bucket. It's because the strength of the case is relevant to thinking about, you know, do you want to expend resources on a case that it's going to take a lot more time and effort that may go all the way up to the Supreme court that may risk bad, making bad law for the agency. In other cases, it's not simply, you know, it's not strong. So therefore we won't go forward. It matters for purposes of thinking about all those other enforcement priorities. So, you know, if you wanted to say, look, we want to leave, carve some room out for, if an agency literally just says, we, you know, we're exercising discretion because there's no violation here and say, no, you've got to tell us something more than that. You know, going forward, maybe you tell the agency, you've got to tell us something more than that. I don't think you need to say that here, but they did tell us something more than that because they said at a minimum, we wouldn't go forward because the view of the general council has been squarely rejected by one of the boards of appeals already. I mean, one way, one way to think about this is there's going to be difficult line drawing questions, no matter where we put the line and let's just, it's hard to put aside, but let's just put aside what the cases say, because I think you can at least read the cases to say, to point in different directions based on different parts of the opinions or let's just indulge me on that. I'd love to converse about footnail four, but I'll indulge you. Sure, indulge me just for the moment. Then the question becomes, okay, where would we draw the line given that we know that some things are reviewable and we know that some things are not, if they're laden with prosecutorial discretion in some dimension. One way to draw the line is to say we look to see whether there's something distinct that goes to legal merits, but that doesn't treat with prosecutorial discretion at all, even though we think in some ways legal merits is always bound up in prosecutorial discretion, which is the line that you're suggesting we draw. Another way to draw a line is to say, well, the line we draw is to say that anything that has to do with legal merits is off on one side. Stuff that doesn't have to do with legal merits at all, like resources independent of legal merits, like the witnesses are all gone. That is the stuff that's not in review. They're both difficult lines to draw and definitely the second one, I think by the premise that the second one means that you're drawing categories of prosecutorial discretion, some that are in and some that are out, but it may be a more concrete line than the first one. I just think it's really hard to square that with, I mean, obviously I think it's impossible to square it with new models in CHGO, but I think they reached that conclusion because it's really hard to square that with a long line of cases explaining what prosecutorial discretion is. The whole idea is it's not a matter of whether you're right or wrong about the bottom line. We can't kind of even review, if your assessment is it's a close call or your assessment is these aren't great facts and that's why we think it's a weak case. You're starting to look behind a lot more than a pure question of law. You just are risking the courts getting involved in making the government redo its work all the time until they've kind of said the right magic words when really all of this is an exercise of prosecutorial discretion. So it seems to me when you have this, you know, what I think everyone would admit is a really unusual statute and it's a statute that doesn't just say, you know, you can review it for anything you want. It says you can review for contrary to law and that means something and I think you have to take that and give that meaning in a way that wouldn't just open the door to reviewing exercises of prosecutorial discretion. And I also would say I think a lot of this like, you know, it's particularly arises in the conscious of the deadlocks in a way that I'm not sure it does quite so much when you don't have the deadlocks. When you have a vote on the merits by the commission about whether to go forward or not and there's a majority and they can clearly articulate something. Yeah, they could invoke discretion of course when they're dismissing but I do think some of this, you know, discomfort and all of that kind of comes from those dynamics but those dynamics of course are dynamics that Congress built right into the statute by requiring a bipartisan commission on which you need four votes to be able not to be able to do anything but to be able to proceed with any type of action against the system. What do we know and what do we not know about the reasons why the agency exercised prosecutorial discretion? So, I mean, I think the principles, the best explanation for why the commissioners, the controlling commissioners offered may have in footnote 137 of their 2014 statement of reasons and that's the footnote where after, you know, the body of the opinion of their statement is, you know, we would concede devoted to explaining why they think the case fails on the merits but that's where they drop a footnote and say at a minimum the fact that the seventh circuit has rejected the general counsel's position itself raises grave constitutional doubt and those constitutional doubts militate in favor of an exercise of our prosecutorial discretion. I read that to mean kind of two things. One, we like to be careful about taking cases up where a court's already said we're wrong even if a court may say we're right, you know, that's, I mean, the whole debate here is about how to read Supreme Court precedent and you can understand an agency thinking maybe we don't want to tee up the case. I can understand any set of commissioners here debating whether they want to tee up a case for a Supreme Court review and I take the second part of it to also reflect classic enforcement priorities. When we think something is close to the constitutional line, we're going to err on the side of protecting citizens' First Amendment rights and that's a perfectly permissible prosecutorial discretion, exercise of discretion, especially when you've got an agency that operates in such a constitutionally sensitive area. I mean, if you go back to Heckler versus Cheney, that's pretty much the explanation the FDA offered for not exercising its discretion there. It said we think we have no jurisdiction but even if we did have jurisdiction, the courts are divided on this and we try to err on the side of not going close to the line in light of it. That's, you know, that's perfectly permissible and that's how I read footnote 137 of the 2014 Statement of Reasons. Do you think we can know whether there were reasons for exercising prosecutorial discretion in addition to reasons that have something to do with the merits? I mean, I don't think there's anything that can tell us that. So, you know, that's the explanation that we have. I would like, you know, just say a quick word and to be clear, you know, we absolutely think Judge Cooper was right that you can look at the 2014 Statement, you can look at the 2016, which incorporates the 2014 by explicitly incorporates all of the analysis and reasoning, which he himself didn't view his own opinion of having eliminated prosecutorial discretion. So we think either the 2014 or the 2016 Statement of Reasons gets you there. Can I get back to one question about what we're doing here, back to the first set of issues, and I want to follow up again on the point that Judge Pan made. So if, let's suppose, and put aside whether you get to brief it, I totally take all your points on that. Let's suppose there is a precedent on point that says that in the context of a contrary to law determination, an intervener in the shoes of an A.N. can't independently take an appeal. It's the FEC's appeal to take or not. If that precedent exists, then do you see a problem with having a world in which, in the second round, which is the citizen suit round, the intervener in the first suit doesn't have the ability to second guess the contrary to law determination? That seems like a coherent system to me. I do. I think there would be a real problem when the ultimate end of this is us getting sued. It seems to me there would be a problem that you should not lightly read the statute as never giving us a full and fair opportunity to challenge whether the prerequisites to sue us have been satisfied. Even if the predicate for denying you the appeal the first time would be that the prosecutorial discretion interests are one in which you don't have a stake, although everybody reads the statute the first time and knows that that's a prerequisite to a potential citizen suit against you. We would have already, by hypothesis, decided that that's just not something that gives you a sufficient stake in it so that you can take an appeal if the FEC doesn't. I think that's right because, as I understand it, what you're protecting by not allowing the interlocutory appeal is the agency's ability to take the next action, not their defense of the previous action. It's their ability to decide how they're going to conform to whatever the district court just said. You're leaving them the flexibility to, I mean, they could take the vote and bring the suit against themselves, in which case there'd never be a citizen suit, but at least, I confess I haven't read the cases, but from what I understand crew to be saying, we could challenge it even in the context there. I don't understand that line of doctrine to be about nobody should ever be able to look at whether the first determination was right. It's let's not tie the hands of the agency, which could respond to this in a variety of different ways. Okay. Thank you, counsel. Thank you. We'll give you two minutes for Adel. Thank you, Adel, very quick. First, to respond to a question about the status of the AN case and remand, that's actually district court right now. We've completed a motion to dismiss. AN filed and FEC filed. That case is being stayed pending resolution of this case because Judge Cooper said he wanted guidance on the impact of the statements, broken process questions, 2014 and 2016, the incorporation on how that, so that case has currently stayed waiting guidance from this court and its decision. Secondly, I think there's- Sorry, can you explain how that got back before Judge Cooper? Because I guess there was a remand. Yes. And then FEC didn't do anything and how did it get back before Judge Cooper? There was a vote to close in 2022, I think. We sued. I think that would vote to close, contrary to law. I think we may have filed that as a related case. I don't recall. They just want some totally random wheel. I'm sorry. So AAN is in that case too? AAN is in that case as well. So they could have filed a motion that are- They did. In that case? They did. Well, they filed the move to dismiss that case based on the new models, all those rulings having effect in that case. And Judge Cooper denied that. He did not resolve the new models implications and wait for this court to resolve that question. So that issue is live and it's just been held there waiting this court's guidance. But it means that their appellate rights are not dead necessarily because FEC could continue to appeal on that case. Exactly. That issue could arise from those proceedings. But they couldn't. They couldn't appeal. Well, if we win CRU 3, I suppose now, yes, that would be a remedy to be remanded and therefore same rules would apply about not appealing. There was also, I think, confusion about- I don't think there's any dispute that this court has jurisdiction to hear this appeal, that district court below had jurisdiction to hear our citizen suit. I know AAN's tech understanding. There's been questions about that. I assume that's not an issue here. So it's not our burden here to show any jurisdiction of this court or district court. Those issues aren't, I think, being questioned. The question said is, does AAN have the right to raise an error in the district court in here? And I really think Judge Pan's suggestion, appreciate it, sitting back in the bench helped me think about it, is that it's a question of AAN's standing to raise arguments. Does AAN have an interest in this issue that it may assert the FEC's interest and possible discretion to defend itself here? And that is essentially AAN's standing. Do you know, by the way, when the case went up on appeal out of the 2014 determination? And FEC was involved at that point, right? They filed something? Yes. They moved to dismiss the appeal. They're the ones who moved to dismiss the appeal. And did they move to dismiss the appeal on the basis that AAN doesn't have any independent standing to bring an appeal since the commission decided not to? I don't believe so, but I apologize. I may need to look at the papers again. I believe- I don't know if they have an interest to make that argument. Yeah. I don't recall. I remember the main focus of what the court held was that it was not a final order. I also want to draw the court's attention to, looking back in a brief, we did raise an issue in page 30, input number five, said any error in reviewing the 2014 statement did not impact the court's jurisdiction to remand reconsideration citing the CLC precedent that said the review is not jurisdictional. For the same reason, any error in reviewing the statement did not impact the court's jurisdiction to order the FEC to conform to that judgment, the failure of which is the trigger of this lawsuit. So we point out in the brief, the opening brief, it's the- Page 30, note five. Page 30, note five. It is in there. I know we raised it below and it was in our brief, but it is in our brief. I also want to point out, I think AAN's hypothetical is actually what happens here. In their first statement of reasons, they lay out in the very beginning, talking about why they think they're voting the way they did, they say, the major purpose was not the nomination of election of candidates, it's public statements, documents, spending, show that accordingly we could not find AAN violated the act by failing to register reports of politics. They reach a final legal conclusion. Their view is that there is a judgment here. There is no, absolutely no violation of law. That is their absolute conclusion. Oh, also improper discretion. So in AAN's hypothetical that somehow that would be that is a 2014 statement. Yeah. I'm sure you're very familiar with the central and new models too, that I was asking you about earlier, judgmental opinion. Aside from the part where it calls these two cases nearly identical, do you take issue with anything else in that opinion? The dissent or the majority? The dissental, judgmental opinion. So beliefs, I don't know if there's a particular issue you wanted to- No, just- No, I think she's correct in that. And we point out a brief, the conflict between new models and blocker law. We point out additional conflicts in administrative law. As John was pointing out, the question of prosecutorial decisions are not reviewable, period, it's action. Whereas new models need to make whether it's supposed to close the file or reviewable action. I also want to point out AAN's asserted injury here is being sued. The court's been very clear, being sued is not injury. That does not appeal, just to avoid a lawsuit. And I also wanted to talk a bit about, there's a bit about the merits here. The FTC isn't a prosecutor in this case. The FTC is a judge. The FTC has been clear about that. We are bringing claims to the FTC, and it's not merely deciding whether it wants to go forward, as the impact of this case very much shows. It's deciding whether crew should be allowed to proceed. It's a judge, and judges don't have prosecutorial discretion. The FTC has admitted that fact. And in the case in Burlington, and all you can say, there is no prosecutorial discretion when the agency is resolving whether private parties complain. How do you square that argument with new models? Well, I think you have to square that argument with what new model says, is that if there are conflicting precedents, you have to harmonize. If that harmony means new models need to be cut back or not limited to its facts, or not applied or expanded to these facts, that's how you have to harmonize those cases. Why are they sitting as a judge if they're deciding whether or not to enforce? Because they were looking at our complaint against AAN. We've sent to them a complaint that we think AAN violated the law. And their decision has impacted whether we could sue. If, let's say, take out the prosecutorial discretion question. Let's say they said, in a majority opinion, the law acts... But they weren't deciding whether you could sue. I thought they were... Maybe I don't understand how this works. I thought that you would bring an alleged violation to them, and then they would vote as to whether or not they should investigate. They are investigating as to whether our complaint raises a reason to believe. Now, the statute, if they find that, that would start to trigger an FTC investigation with the various statutes. But the impact of this, if there's a 4-2 vote on the merits, we lose. That would also prevent us from winning the lawsuit. We could go to court, try to get sued ourselves. But their investigation as to whether yours has merit is not prosecutorial in nature. No, no. They are judging our claims. They are saying whether our claims have merit, whether it's reasonable... If they both find reason to believe, then, well, a few things could happen. One, if there's a majority vote to find reason to believe, and not a majority to extract discretion to close the case, the case opens at the FTC and the FTC can investigate. But why isn't that prosecutorial? Well, the FTC could, say, find reason to believe. Majority still vote to close the file. I know, but I'm just saying, why is it not prosecutorial in nature if they're saying this should go forward and now we're going to investigate? Because it has an impact on whether we can sue. Because if they close the file... That seems incidental, like, for what they're doing. Well, it's actually Burlington that the agency makes a decision, even if it's closing its own, granting its own litigation, own claims, if it's also cutting off claims of private parties... I'm just saying, all I'm focusing on is you bring them a complaint and say, there's a violation. They undergo a process to determine if they think there's any, I guess, they're there. And then if they think there is, then they investigate the violation. And that sounds prosecutorial to me. That's all I'm saying. It doesn't sound like being a judge. That sounds like being a prosecutor. In effect, if we were suing over only the impact... In fact, the crew had no citizenship. And we were only suing over whether the FTC should prosecute. I think then you run into the question of prosecution, you run into issues, Texas fighting case. But the fact that what we were doing is establishing that we have legal claim and that we have exhausted any attempt to get remedy out of the FTC. And so here, not only are we establishing, and here we show we... Claims were exhausted. We couldn't get relief from the FTC. But had the FTC actually ruled and said, no, your claim has no merit, you actually lose because your claim is bad. That would also preclude us from bringing a lawsuit in court, because we would sort of risk our decision. We can't bring it. It's sort of adjudicated as having no merit. Because of course, we'd go to a contrary law judgment, we'd lose, there's a court response that's correct, and therefore we can't bring a lawsuit. And so the process here, what's going on, and it's slightly convoluted. I think it's done this way to make sure that the FTC can act as a gatekeeper on spurious lawsuits. But it's testing, trying us to test our claim before this agency, before we can bring our own lawsuit. So they're acting as judges on the propriety of our claims, or anyone else bringing claims to them. That's their primary role there. Okay. Unless my colleagues have further questions. Okay. Well, thank you, your honor. Appreciate it. Thank you, counsel. Thank you to both counsel. We'll take this again.
judges: Srinivasan, Walker, Pan